## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TORRI MONTAGUE DURDEN,

                Plaintiff,             Case No. 2:20-cv-12161
                                       Honorable Sean F. Cox
v.                                Mag. Judge R. Steven Whalen

MICHAEL J. BOUCHARD, *et al.*,

                Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff Torri Montague Durden, currently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that two members of a "cell extraction team" at the Oakland County Jail used excessive force against him, causing injury and pain. He also alleges Sheriff Michael Bouchard failed to take action to prevent the physical abuse of inmates. Plaintiff seeks money damages and a declaratory judgment that his Eighth Amendment rights were violated.

For the reasons stated below, the Court will dismiss Defendant Bouchard. The Court concludes that Plaintiff has stated an arguable claim against the remaining two defendants.

### I. Background

On February 22, 2020, Plaintiff was housed in the Oakland County Jail. Plaintiff informed the jail cell extraction team that he had screws and plates in his

left pelvis and ankle. During his extraction from the cell, Plaintiff alleges that the officers targeted those areas, and "intentionally stomped [his] knee and ankle repeatedly." (Compl., ECF No. 1, PageID.5). Plaintiff asserts that he showed no resistance or otherwise gave officers any justification for the use of force during the removal from his cell.

Plaintiff sued all three defendants in their official and individual capacities. Plaintiff's sole allegation against Defendant Bouchard is that he "fail[ed] to take action to curb the physical abuse of prisoners . . ." (Compl., ECF No. 1, PageID.8).

Plaintiff's complaint includes a copy of medical records from late February and early March 2020. These records indicate swelling in the knee area, pain during activities such as descending stairs, sharp ankle pain, and a limp. (Compl., ECF No. 1, PageID.17-18).

## II. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). And such a complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)) (other citation omitted). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)).

### III. Discussion

Plaintiffs' first named defendant is Oakland County Sheriff Michael Bouchard. The sheriff is not a proper defendant, and Plaintiff's allegation against him fails to state a claim upon which relief may be granted.

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), *abrogation on other grounds recognized by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983). Instead, a claim against a sheriff in official capacity is a claim against the county. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir.1989)).

To establish a claim against a county or other governmental entity, a plaintiff must identify a policy or custom of that entity and show that his or her injury resulted from the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.

1993)). Plaintiff has identified no policy that resulted in his injury, only that Defendant Bouchard failed to prevent abuse of prisoners.

As a result, Plaintiff has failed to state a claim against Bouchard in his official capacity. The same allegation fails to state a claim against the sheriff in his individual capacity, because it does not describe any personal involvement by Bouchard in the alleged deprivation of Plaintiff's civil rights. *See Frazier*, 41 F. App'x at 764. Defendant Bouchard will be dismissed.

Construing the complaint liberally and in a light most favorable to the Plaintiff, as the Court must, the Court concludes that Plaintiff's allegations against the remaining two defendants are sufficient to warrant service of the Complaint.

To establish an excessive force claim, a plaintiff must allege that "defendants acted 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Leonard v. Hoov*er, 76 F. App'x 55, 57 (6th Cir. 2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (citing *Hudson*, 503 U.S. at 4).

Plaintiff's allegations against Defendants Otto and Jones survive screening. The Court will allow Plaintiff's claims against those defendants to proceed.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that the Complaint (ECF No. 1) is summarily **DISMISSED** with respect to Defendant Bouchard.

Plaintiff's excessive force claims against Defendants Otto and Jones are not subject to summary dismissal. Accordingly, the Court directs that a copy of the complaint and a copy of this order be served upon them by the United States Marshal without prepayment of costs.

**IT IS SO ORDERED**.

Dated: September 16, 2020                  s/Sean F. Cox
                                           SEAN F. COX
                                           UNITED STATES DISTRICT JUDGE